2137-60241-WEP/amp/srs
Revised August 2006

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

TEXSTRIM INNOVATIONS, INC.  *
AND DAVID BROWN            *   CIVIL DOCKET NO. 5:05CV0287
UNION PUMPS CO.            *
                           *
                           *   JUDGE WALTER
VERSUS                     *
                           *
                           *   MAGISTRATE: JUDGE HORNSBY
                           *
CENTRIFUGAL TECHNOLOGY, INC., *
DANIEL CLEVELAND, JERRY DON   *
ELMORE AND CHARLES GOODRICH   *
Individually                  *
*******************************************************

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER *

The discovery sought by the parties in this matter is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as **"Confidential Information,"** and witness testimony containing **Confidential Information**. Accordingly, the parties having agreed to enter into this Confidentiality Stipulation and Protective Order ("the Order") to govern the production of documents and testimony that contains **Confidential Information**, and for good cause shown, the Court hereby ORDERS as follows:

### Designation of Confidential Information

1. *Designation of Material.* Documents and other things claimed to be or to contain **Confidential Information** shall, prior to production, be marked by the producing party as "Confidential." Placement of the "Confidential" designation on each protected page or on the initial page of a protected document when it is produced shall

* NOTE: Court modified paragraph 11.

Page 1

constitute notice and shall designate the document as Confidential material. Copies, extracts, summaries, notes, and other derivatives of Confidential material also shall be deemed Confidential material and shall be subject to the provisions of this Order.

2. *Subsequent Designation.* Documents and/or materials produced in the litigation that are not identified as **Confidential Information** when they were initially produced may within a reasonable time thereafter be designated as Confidential by the producing party, or by the party or parties receiving the production, or by a person, by providing written notice to counsel for all other parties and to any person who may be involved. Each party or person who receives such written notice shall endeavor to retrieve any **Confidential Information** that may have been disseminated, shall affix a "Confidential" designation to it, and shall thereafter distribute it only as allowed by this Order. No distribution prior to the receipt of such written notice shall be deemed a violation of this Order.

3. *Designation of Depositions.* Depositions or portions thereof upon oral or written questions may be classified as **Confidential Information** either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is **Confidential Information** shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, or within fourteen (14) days after receipt of the deposition transcript, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. Depositions shall be treated as **Confidential Information** during the fourteen (14) day period described in the immediately preceeding sentence. Notwithstanding the foregoing, the parties may agree

to the immediate dissemination of non-confidential information disclosed in a deposition.

4. *Modification of Designation.* The designation of **Confidential Information** by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

(a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

(b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

## Access to Confidential Information

5. *General Access.* Except as otherwise expressly provided herein or ordered by the Court, **Confidential Information** may be revealed only as follows:

(a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation).

(b) To the individual parties, or Designated Corporate Party Representative after they have signed a sworn statement acknowledging (i) receipt of the Confidentiality Stipulation and Protective Order; (ii) having read the Confidentiality Stipulation

and Protective Order; (iii) having had the opportunity to discuss the Confidentiality Stipulation and Protective Order with counsel; and (iv) an acknowledgement that the **Confidential Information** will not be discussed with anyone other than outside counsel. At this time, the parties designate Mr. Larry LaSala as corporate representative for all of the plaintiffs and Charles Goodrich as corporate representative for defendants. The parties may change the corporate representative by agreement or by further order of the Court.

(c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter.

(d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation).

Outside counsel shall maintain a log identifying (i) the names of all individuals given access to **Confidential Information**; (ii) the dates said **Confidential Information** was made accessible to the individual; (iii) a summary (including bates numbers where applicable) of the **Confidential Information** that was accessed; and (iiii) the date the **Confidential Information** was returned to outside counsel. The transmittal of **Confidential Information** to the Designated Corporate Party Representative shall not be included in the log mentioned herein.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party. As used herein the phrase "Designated Corporate Party Representative" shall mean the corporate attorney designated by David Brown Union Pumps Company and/or Textron Innovations, Inc. to receive confidential information pursuant to this agreement.

6. *No Copies/Notes.* Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to **Confidential Information** shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such **Confidential Information**.

7. *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to **Confidential Information**, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

## Use of Confidential Information

8. *Use in this Litigation Only.* **Confidential Information** may be used only for purposes of this litigation. Each person to whom the disclosure of any **Confidential Information** is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9. *Use at Depositions.* If **Confidential Information** is to be discussed or disclosed during a deposition, the producing party shall have the right to exclude from attendance at the deposition, during the time the **Confidential Information** is to be

discussed, any person not entitled under this Order to receive the **Confidential Information**.

10. *Use at Court Hearings and Trial.* Subject to the Federal Rules of Civil Procedure, **Confidential Information** that is otherwise admissible may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing **Confidential Information** gives reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

11. *Filing Under Seal.*✱ Each document filed with the Court that contains any **Confidential Information** shall be filed in a sealed envelope or other appropriate sealed container on which shall be set forth the title and number of this action, a general description or title of the contents of the envelope, and a statement that the contents are Confidential and subject to a Protective Order and that the envelope is not to be opened nor the contents thereof revealed except to counsel of record in the litigation or court personnel, or pursuant to order of the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential. ✱

12. *Reasonable Precautions.* Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any **Confidential Information**.

13. *Return After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the

✱ Leave of court, which is rarely granted, must be obtained before filing documents under seal. MJH

same all items constituting, containing, or reflecting the other party's **Confidential Information**.

## Other Provisions

14. *Not an Admission.* Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually **Confidential Information**. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any **Confidential Information**, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

15. *Miscellaneous.* This Order shall apply to the production of all materials whether or not such materials are informally produced or produced in response to a formal discovery request or a Court order in this litigation. This Order may be used to protect the confidentiality of the residential addresses and social security numbers of the parties and of any and all current or former employees or either of the parties or their affiliates. This order does not apply to the production of imaging of defendants' hard drives, which shall be governed by other appropriate court order. Notwithstanding the immediately preceeding sentence, any material retrieved from the hard drive imaging and subsequently produced to plaintiffs shall be governed by this agreement.

The parties having stipulated and agreed hereto, it is SO ORDERED, this _29th_ day of _June_, 2006.

_____
UNITED STATES ~~DISTRICT~~ JUDGE
MAG.