U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

JUN 0 3 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNION PUMP CO. | CIVIL ACTION NO: 05-0287 |
| VERSUS | JUDGE DONALD E. WALTER |
| CENTRIFUGAL TECHNOLOGY INC., DANIEL CLEVELAND, & CHARLES GOODRICH | MAGISTRATE JUDGE HORNSBY |

## JURY INSTRUCTIONS

Members of the jury:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

In a civil action such as this, the Plaintiff must prove every essential part of its claim by a preponderance of the evidence. A preponderance of the evidence simply means evidence that persuades you that the claim is more likely true than not true. In other words, to establish a claim by a preponderance of the evidence merely means to prove that the claim is more likely so than not so.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you. Similarly, if during the course of the trial I have said or done anything that you believe indicates that I might feel this way or that about any witness or evidence-- and I hope I have not--you are instructed now to disregard it. You are the sole judges of the facts in this case.

There are, generally speaking, two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

To determine the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some

important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendants; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Certain testimony was presented to you through a video deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same considerations as if the witness had been present and had testified from the witness stand.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field — he is called an expert witness — is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals. Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

The stipulations of the parties are matters to which the parties have agreed. No further proof of these facts is necessary. You must treat the following facts as having been proved:

1. Union Pump Company is in the business of manufacturing, designing, repairing, and refurbishing pump equipment. Union Pump Company was previously known as David Brown Union Pump Company.

2. David Brown Union Pump Company had a plant facility in Shreveport, Louisiana.

3. On December 2, 2002, David Brown Union Pump Company announced it would be closing its Shreveport Plant.

4. The individually-named defendants were all employees of David Brown Union Pump Company at the Shreveport facility prior to the Shreveport facility being closed.

Now I will charge you as to the specific applicable law.

When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

Plaintiff claims that Defendants improperly possessed and destroyed certain of Plaintiff's proprietary property, including drawings, documents, records, files, autocad drawings, computer discs, computer data, and other material.

You may infer that the evidence destroyed would have been unfavorable to Defendants if you determine that the following elements have been established by Plaintiff: (1) the evidence was within the control of Defendants and that Defendants had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a "culpable state of mind," and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense, and (4) that the evidence was destroyed intentionally and in "bad faith."

"Bad faith" is defined as the opposite of "good faith," generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. The term 'bad faith' is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will.

Should you decide that the evidence was intentionally destroyed in bad faith, you may infer that such evidence was unfavorable to the persons destroying the same in your consideration of all of Plaintiff's claims against Defendants.

Under the Louisiana Unfair Trade Practices Act, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful. Any person or entity who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of an unfair or deceptive method, act or practice may bring an action to recover damages.

An "unfair trade practice" is a practice that is unethical, oppressive, unscrupulous, or substantially injurious. Fraud, misrepresentation, deception, and similar conduct is prohibited; mere negligence is not. "Fraud" is a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other.

An employee is allowed to compete with his former employer. As long as their conduct is not illegal or against public policy, people may discuss and carry out changes of employment, may plan to compete and may take preliminary steps to carry out their plans. In keeping with these principles, a former employee has a right to individual freedom on the one hand but the employer also has a right on the other hand to honest and fair competition and to the protection of his business assets, customer lists and trade secrets. The law balances these interests to determine whether there is unfair competition.

What is entitled to protection is knowledge confidentially gained, but an employer cannot prevent his employee from using the skill or intelligence acquired through experience received in the course of the employment; the employee may achieve superiority by every lawful means, and upon the rightful termination of his contract use that superiority for the benefit of rivals in the business of his former employer.

The mere solicitation of customers by a former employee after the end of an employment relationship does not form the basis for a claim of unfair competition. But when you consider the rights of the employer which I have mentioned above, you may consider: (1) the manner in which the employer's customer lists have been compiled, and the purposes for them; (2) the conduct and motivation of the employee both before and after termination of the employment; (3) the nature of the representations made to the customer by the former employee; and (4) the existence of a plan by the former employee to take over all or a substantial part of the employer's business, or the existence of an intent to injure the employer's business.

The motivation of the Defendants is a critical factor. The alleged actions must have been taken with the specific purpose of harming competition. Conduct does not violate the Louisiana Unfair Trade Practices Act unless it is undertaken with the specific intent to harm competition.

What constitutes unfair competition is a matter to be decided in each individual case and involves a balancing between the right of the employee to individual freedom on the one hand and the right of the employer to honest and fair competition and to the protection of business assets and property in the nature of trade secrets on the other hand.

Under the Louisiana Uniform Trade Secrets Act, a plaintiff may recover damages for the actual loss caused by the misappropriation of a trade secret. In order to recover damages, a plaintiff must prove (a) the existence of a trade secret, (b) a misappropriation of the trade secret by another, and (c) the actual loss caused by the misappropriation.

The Louisiana Uniform Trade Secrets Act defines "trade secret" and "misappropriation" state in pertinent parts, as follows:

"Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

- (a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and

- (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

"Misappropriation" means use of a trade secret of another without express or implied consent by a person who:

- (i) used improper means to acquire knowledge of the trade secret; or

- (ii) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:

  - (aa) derived from or through a person who had utilized improper means to acquire it;

  - (bb) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use;

  - (cc) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or

- (iii) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

A complete catalogue of the means which are "improper" for a person to acquire knowledge of the trade secret is not possible, but a partial listing includes: theft, bribery, misrepresentation,

breach, or inducement of breach of a duty to maintain secrecy, or espionage through electronic or other means.

On the other hand, proper means of obtaining knowledge include:

(1)   discovery by independent invention;

(2)   discovery by "reverse engineering," that is starting with the known product and working backwards to find the method by which it was developed. The acquisition of the known product must, of course, also be by fair and honest means for reverse engineering to be lawful;

(3)   discovery under a license from the owner of the trade secret;

(4)   observation of the item in public use or on public display; and

(5)   obtaining the trade secret from published literature.

The first question in any trade secrets misappropriation case is whether the plaintiff actually had a legally protectable trade secret. The second element is whether an express or implied contractual or confidential relationship existed between the parties which obligated the party receiving the secret information not to use or disclose it. Finally, the plaintiff must prove the party receiving the secret information wrongfully breached its duty of trust or confidence by disclosing or using the information to the injury of the plaintiff.

In order to establish that a defendant "used" plaintiff's trade secret, a plaintiff must necessarily demonstrate that the defendant received some sort of unfair trade advantage.

The tort of conversion is committed when one wrongfully does any act of dominion over the property of another in denial of or inconsistent with the owner's right. Any wrongful exercise of assumption of authority over another's goods, depriving him of the possession, permanently or for

an indefinite time is a conversion.

The intent required for a conversion is not necessarily that of conscious wrongdoing. It is rather an intent to exercise a dominion or control over the goods which is in fact inconsistent with the plaintiff's rights. It is no defense to an action for conversion that defendants who exercise dominion over goods do so in good faith, even if they are reasonably mistaken in thinking the facts to be such as would provide a legal right to the goods. Further, even where defendants may have rightfully come into possession of another's goods, the subsequent refusal to surrender goods to one who is entitled to them will constitute conversion.

In summary, in order to find Defendants liable for conversion, you must find that the defendants wrongfully exercised or assumed control over Plaintiff's property, thereby depriving Plaintiff possession of the property.

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.

Spoliation can only occur when a party destroys evidence that it had a duty to preserve. The duty to preserve evidence arises when a party has notice that evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.

However, a corporation, upon recognizing the threat of litigation, need not preserve every shred of paper, every e-mail or electronic document, and every backup tape. Instead, the duty to preserve extends to any documents or tangible things made by individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses. The duty also extends to documents prepared for those individuals and to information that is relevant to the claims and defenses of any party, or which is relevant to the subject matter involved in the action.

11

As a general rule, a party need not preserve inaccessible backup tapes, such as those typically maintained solely for the purpose of disaster recovery, which may continue to be recycled on the schedule set forth in the company's policy. On the other hand, if backup tapes are accessible, meaning that they are actively used for information retrieval, then such tapes should be preserved.

In order to establish spoliation of evidence, Plaintiff must prove by a preponderance of the evidence that:

(1) Defendants destroyed evidence;

(2) Defendants knew or should have known that the evidence destroyed might be relevant to this litigation; and

(3) Defendants destroyed the evidence with the intent of depriving Union Pump of its use.

If you should find that Plaintiff has proven any of its claims against the Defendants by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiff is entitled to recover money from the Defendants.

If you find that the Defendants are liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole—that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You must not award compensatory damages more than once for the same injury. For example, if the Plaintiff prevails on two claims and establishes a dollar amount for his injuries, you must not award him any additional compensatory damages on each claim. The Plaintiff is only entitled to be made whole once, and may not recover more than it has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the Plaintiff fully for all of its injuries.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate—to avoid or minimize those damages.

If you find the Defendants are liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damage which it could have avoided through reasonable effort. If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny recovery for those damages which Plaintiff would have avoided had the Plaintiff taken advantage of the opportunity.

You are the sole judge of whether the Plaintiff acted reasonably in avoiding or minimizing its damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce its damages. However, the Plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendants have the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of its failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendants have satisfied their burden of proving that the Plaintiff's conduct was not reasonable.

You may impose damages on a claim solely upon the Defendant or Defendants that you find are liable on that claim. Although there are three Defendants in this case, it does not necessarily follow that if one is liable, all or any of the others also are liable. Each Defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other Defendants. If you find that only one Defendant is responsible for a particular injury, then you must award damages for that injury only against that Defendant.

You are instructed that in calculating the compensatory damages, you are to consider any damage to the Plaintiff's property. The measure of that damage is the difference between the fair market value of the property immediately before the incident complained of and the fair market value

14

immediately after the incident.

If market value is not applicable, you may award as damages an amount equal to the cost of restoring the property to its condition prior to the incident complained of. You also may take into consideration any loss the Plaintiff sustained by being deprived of the use of the property during the period required for its repair or replacement.

If you find that Defendants are liable to Plaintiff due to the misappropriation of Plaintiff's trade secrets, then you must determine if and to what extent Defendants were unjustly enriched due to the misappropriation. In this case, unjust enrichment refers to the profits earned by the Defendants through the use of Plaintiff's misappropriated trade secrets and/or the value of reproducing such property.

Your calculation for unjust enrichment must take into account any compensatory damages for actual loss awarded to the Plaintiff. You may not count the same item of loss towards both compensatory damages and any unjust enrichment to Defendants through misappropriation.

Your verdict must represent the considered judgment of each juror. To reach a verdict, it is necessary that each juror agree. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight of the evidence or the effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you will select one of your number as your Foreman, male or female. The Foreman will preside over your deliberations and will be your spokesman here in court. A special verdict form has been prepared for your convenience. You will take this form with you to the jury room.

You will note that the form contains several possible interrogatories or questions. The answer to each must be the unanimous answer of the jury. In the space provided below each question, you will find further instructions on whether you are to answer the next question, answer some other question, or stop, sign and date the form and return to the courtroom. You must carefully follow these instructions as you complete the form.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which I have admitted into evidence. Select your Foreman and conduct your deliberations. If you recess during your deliberations, follow all of the instructions I have given you regarding your conduct during the trial. After you have reached your unanimous verdict, your Foreman is to fill in on the form your answers to the questions and then sign and date the form. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you would like to communicate with me at any time, please give a written message or question to the court security officer, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer

16

your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order otherwise. You may now retire to the jury room to conduct your deliberations.